# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLI LINN DUARTE,<br><br>          Plaintiff,<br><br>     v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>          Defendant. | 1:16-cv-1315-GSA<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT NANCY A. BERRYHILL AND AGAINST PLAINTIFF KELLI LINN DUARTE** |

**I.    INTRODUCTION**

Plaintiff Kelli Linn Duarte ("Plaintiff") seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for supplemental security income ("SSI") benefits pursuant to Title XVI of the Social Security Act. (Doc. 1, 15). The Commissioner filed an opposition. (Doc. 16). Plaintiff filed a reply. (Doc. 17). The matter is currently before the Court on the parties' briefs which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[2] After reviewing the administrative record and the pleadings, the Court finds the ALJ applied the correct legal

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d), Nancy A. Berryhill shall be substituted in for Carolyn W. Colvin, as Nancy A. Berryhill is now the acting Commissioner of Social Security.

[2] The parties consented to the jurisdiction of the magistrate judge. (Docs. 7 and 9)

1

standards and the decision is supported by substantial evidence. Accordingly, Plaintiff's appeal is DENIED.

## II. BACKGROUND AND PRIOR PROCEEDINGS[3]

On June 19, 2012, Plaintiff filled an SSI application claiming disability beginning December 14, 2009, due to fibromyalgia, hip and back pain, high blood pressure, asthma, and a sleeping disorder.[4] AR 15; 228; 243-2346; 289. The parties agree that the Plaintiff properly exhausted her administrative remedies and that the Appeals Council denied Plaintiff's appeal. (Doc. 15, pgs. 3; Doc. 16, pg. 1). Therefore, this appeal is a review of Administrative Law Judge Sharon Madson's ("ALJ") decision issued on April 10, 2015, which is considered the Commissioner's final order. *See*, 42 U.S.C. §§ 405(g), 1383(c)(3). AR 12-28.

## III. ISSUES FOR JUDICIAL REVIEW

Plaintiff is challenging the ALJ's non-disability findings and credibility determination. Specifically, she argues that the ALJ only relied on a lack of medical evidence to reject Plaintiff's subjective pain testimony, which is improper. She requests that the case be remanded for an award of benefits, or alternatively, that the case be remanded for further proceedings. Defendant contends that the ALJ's credibility determination is supported by substantial evidence and as such, the decision should be affirmed.

## IV. THE MEDICAL RECORD

The Court has reviewed the entire medical record. The relevant portions will be referenced in the discussion as needed. AR 313-487.

## V. PLAINTIFF'S TESTIMONY

Plaintiff lives with her husband who works driving a taxi. AR 35; 55. She has a high school education plus some college. AR 35-36. She previously worked as a reservations clerk. She recently had her left knee replaced, however, prior to that surgery, she had been going to physical

---

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

[4] Plaintiff had also previously applied for SSI and that application was denied by ALJ Tamia Gordon on April 18, 2012. AR 100-110. ALJ Madson determined that Plaintiff had overcome the presumption of non-disability under *Chavez v. Brown*, 844 F. 2d 691 (9th Cir. 1988) because there was evidence of additional impairments and greater limitations since her prior application. AR 19-20.

2

therapy at the gym, swimming and exercising. AR 39-40.

After her knee replacement, she still suffers from pain that comes and goes. AR 39-40. She also experiences very severe right hip pain and she has plans to get her right hip replaced. AR 40. Walking, sitting, and standing make the knee and hip pain worse; standing more than five minutes makes her almost "feel like crying sometimes." AR 40. She lies down to alleviate this pain. AR 41. She is able to sit for twenty minutes, lift five pounds (due to her carpel tunnel), and walk less than one block. AR 44; 49; 50. She also drops things a lot. She has used a walker since September 14, 2014, and before that, she used a cane. AR 46. She also suffers from pain in her lower back including muscle spasms. AR 46. Her fibromyalgia affects her whole body and some days are worse than others. AR 42. She has very low energy. AR 47. She uses a nebulizer daily for asthma. AR 43; 47.

In addition, her hands are severely damaged - her right one is worse than the left. AR 45. She uses wrist braces during the day and night. AR 45. She needs surgery on her hand and believes that her doctor will perform that operation after everything else is done. AR 45.

She takes pain medication, but the medication only dulls the pain. AR 42. She needs help getting in and out of the shower and dressing. She also needs assistance when performing household chores. AR 36. She does not sweep or vacuum, but she does a little cooking, folds some clothes, and shops a little. AR 36-37. In total, she does chores for approximately five to six hours, once or twice a week. AR 54. During the day, she reads, watches TV, and takes naps. AR 37. She also has a hard time concentrating which makes it difficult to help her granddaughter with her kindergarten work. AR 54.

## VI. THE DISABILITY DETERMINATION PROCESS

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

3

> . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. § 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. §, 404.1529, 416.927, 416.929.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically-determinable "severe" impairments, (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work, and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. § 416.920(a)-(f).

## VII. SUMMARY OF THE ALJ'S FINDINGS

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 15-24. At step one, she found that Plaintiff had not engaged in substantial gainful activity since June 19, 2012, the application date. AR 17. At step two, the ALJ identified morbid obesity, lumbago, right knee degenerative disc disease status-post replacement, right foot calcaneal spur, carpal tunnel syndrome, fibromyalgia, and asthma as severe impairments. However, she found that Plaintiff's hypertension, hyperlipidemia, sleep apnea, and restless leg syndrome were all non-severe impairments. AR 17. At step three, the ALJ determined that the severity of Plaintiff's impairments did not meet or exceed any of the listed impairments. AR 17-18.

Based on a review of the record, the ALJ determined that Plaintiff's testimony was not credible and that she had the RFC to perform sedentary work pursuant to 20 C.F.R. § 416.967,

with some modifications. AR 18-23. Specifically, the ALJ found Plaintiff could: lift and carry ten pounds occasionally or frequently; stand and walk for two hours in an eight-hour day; sit for six to eight hours in an eight-hour day; and occasionally kneel, stoop, crouch, crawl, and climb ramps and stairs. She could not climb ladders, ropes or scaffolds; she must avoid concentrated exposure to pulmonary irritants such as dust, fumes, gases, and odors; and she could occasionally grip or grasp forcefully. AR 18-23. Given these limitations, the ALJ determined that Plaintiff could perform her past work as a reservations clerk, and she was not disabled under Social Security Act. AR 23.

## VII. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether: (1) it is supported by substantial evidence; and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## VIII. DISCUSSION

### A. The ALJ Properly Discredited Plaintiff's Subjective Complaints.

Plaintiff contends that that ALJ's assessment of Plaintiff's credibility is flawed because she did not provide clear and convincing reasons to reject Plaintiff's pain testimony. Specifically, she argues the ALJ's sole reason for rejecting her testimony was citing to the medical evidence. Moreover, the ALJ never points to the evidence that undermines Plaintiff's testimony that she can only sit for ten minutes, is limited in her standing and walking, or that she has knee, hip, and hand pain. (Doc. 15, pgs. 7-15; Doc. 17, pgs. 4-6). In opposition, Defendant argues that the ALJ's decision is proper because in addition to reliance on the medical evidence, the ALJ noted that Plaintiff only received conservative treatment, and she never followed up with specialists as

5

recommended by her doctor. (Doc. 16, pgs. 8-13).

A review of the record reveals that the ALJ provided several reasons for rejecting Plaintiff's testimony in addition to the lack of medical evidence. As a result, the rejection of Plaintiff's pain testimony is supported by substantial evidence.

*1. Legal Standard*

A two-step analysis applies at the administrative level when considering a claimant's credibility. *Treichler v. Comm. of Soc. Sec.*, 775 F. 3d 1090, 1098 (9th Cir. 2014). First, the claimant must produce objective medical evidence that his or her impairment could reasonably be expected to produce some degree of the symptom or pain alleged. *Id*. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his or her symptoms only if he or she makes specific findings and provides clear and convincing reasons for doing so. *Id*.; *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015); SSR 96-7p (ALJ's decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight.").[5] Factors an ALJ may consider include: 1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and her conduct; (3) the claimant's daily activities; (4) the claimant's work record; and

---

[5] Social Security Ruling 96-7p was superseded by Ruling 16-3p, effective March 28, 2016. See 2016 WL 1020935, *1 (March 16, 2016) and 2016 WL 1131509, *1 (March 24, 2016) (correcting SSR 16-3p effective date to read March 28, 2016). Although the second step has previously been termed a credibility determination, recently the Social Security Administration ("SSA") announced that it would no longer assess the "credibility" of an applicant's statements, but would instead focus on determining the "intensity and persistence of [the applicant's] symptoms." See SSR 16-3p, 2016 WL 1020935 at *1 ("We are eliminating the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term. In doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character."). Although Social Security Rulings "do not carry the force of law," they "are binding on all components of the [SSA]" and are entitled to deference if they are "consistent with the Social Security Act and regulations." 20 C.F.R. § 402.35(b)(1); *Bray v. Comm'r of Soc. Sec. Admin*., 554 F.3d 1219, 1224 (9th Cir. 2009) (citations and quotation marks omitted).
  As the Ninth Circuit recently acknowledged, SSR 16-3p "makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after [the ALJ find[s] that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." *Trevizo, v. Berryhill*, 862 F. 3d 987, 995 n.5 (9th Cir. 2017) see also *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016). SSR 16-3p became effective after the issuance of the ALJ's decision and the Appeals Council denied review in the instant case. It is unclear whether SSR 16-3 applies retroactively. However, the applicability of SSR 16-3p need not be resolved here since the ALJ's evaluation of Plaintiff's subjective complaints in this case meets the guidelines set forth in both SSR 16-3p and its predecessor, SSR 96-7p.

6

(5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. *See Thomas*, 278 F. 3d at 958-959; *Light v. Social Security Administration*, 119 F. 3d 789, 792 (9th Cir. 1997), *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c).

Because the ALJ did not find that Plaintiff was malingering, she was required to provide clear and convincing reasons for rejecting Plaintiff's testimony. *Brown-Hunter*, 806 F. 3d at 493; *Smolen*, 80 F.3d at 1283-84; *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).[6] When there is evidence of an underlying medical impairment, the ALJ may not discredit the claimant's testimony regarding the severity of his or her symptoms solely because they are unsupported by medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991); SSR 96-7. Moreover, general findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Brown-Hunter*, 806 F. 3d at 493.

When assessing the Plaintiff's testimony, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible for the following reasons." AR 20. The ALJ provided a thorough summary of the medical record and noted that although records from Tulare Community Health documented complaints of back pain, most of the treatment notes indicated that her physician simply refilled her medications for these conditions. AR 20-23; 349-354; 313-34; 370-400; 403-457. Moreover, the medications helped the pain. AR 349-350; 423-426. These are valid factors an ALJ may consider when evaluating credibility. *Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits"), citing *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (affirming a denial of benefits and noting that the claimant's impairments were responsive to medication); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (no medical treatment or a conservative level of medical treatment has been found to suggest a lower level of pain and functional limitations); *Bunnell v Sullivan*, 947 F.2d 341, 346-347 (9th Cir. 1991) (factors to evaluate credibility include medication effectiveness).

---

[6] Although the Commissioner argues that clear and convincing reasons are not required to reject a claimant's testimony, the Ninth Circuit's legal precedent is clear that this is the required standard in this circuit.

7

The ALJ also noted that Plaintiff requested a referral to a rheumatologist for an evaluation of her fibromyalgia, bilateral mild osteoarthritis in the hands, and knee tenderness, but there was no record that she saw the specialist. AR 20; 373-375. Her doctors also referred her to a neurologist and a pulmonologist, but there was no evidence that Plaintiff returned for continued treatment. AR 20; 343. Finally, the ALJ noted that Plaintiff was diagnosed with carpal tunnel syndrome and release surgery was recommended, but there was no evidence that Plaintiff ever underwent the procedure. AR 20; 429-430. Although Plaintiff argues that the ALJ never identified specific reasons for rejecting her testimony regarding her hip or hand pain, or her inability to sit, stand, or walk, her failure to follow a prescribed treatment while allegedly experiencing severe pain is a valid factor an ALJ may rely on to reject Plaintiff's complaints. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (An ALJ may consider an unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment); *Fair v. Bowen*, 885 F.2d at 597; 603-604 (9th Cir. 1989) (failure to follow prescribed treatment can be considered in determining credibility).

Finally, after citing to these factors, the ALJ also noted that none of Plaintiff's treating physicians had given a functional analysis of her abilities. AR 21. To support the RFC, the ALJ relied on three doctor's opinions (Dr. Wong, Dr. Pong, and Dr. Fabella) when formulating the RFC. Specifically, she gave the greatest weight to Dr. Wong and Dr. Pong's opinions (two state agency doctors) who opined that Plaintiff could perform light work coupled with other exertional limitations. Specifically, these doctors found Plaintiff could carry twenty pounds occasionally and ten pounds frequently; she could sit for six hours, stand and/or walk for six hours in an eight hour day; she could occasionally climb ramps or stairs, but never climb ropes, ladders, or scaffolds; and she could occasionally balance, stoop, kneel, crouch, and crawl. AR 23; 118-122.

She also gave some weight to Dr. Fabella's consultative examination. Dr. Fabella found that Plaintiff suffered from low back pain and an impaired gait, and therefore she could only lift and carry ten pounds occasionally and less than ten pounds frequently. He also opined that Plaintiff could walk and stand less than four hours out of an eight-hour day; that she required breaks from sitting every thirty minutes or so; that she needed to use a cane when ambulating at all times; that she is unable to walk on uneven terrain, climb ladders, or work on heights due to to an impaired gait, low back pain and knee pain. He further opined that Plaintiff should avoid

extreme cold due to degenerative disc disease, but that she did not possess any definite fine or gross impairments in her hands. AR 22; 347-348.

After considering all of the medical evidence, the ALJ accepted Dr. Fabella's more conservative assessment of Plaintiff's exertional impairments, and the state agency doctors' assessments of Plaintiff's postural limitations. In doing so, the ALJ noted that she received additional documentation at the hearing that the state agency doctors had not considered with regard to Plaintiff's carpal tunnel syndrome, knee replacement, and asthma, and she devised additional limitations to address those areas. AR 23. She also noted that Dr. Fabella had assessed a significant loss of grip strength which the doctor had not incorporated into his limitation, so she limited Plaintiff to occasional gripping. AR 23; SSR 96-7p available at 1996 WL 374186, at *2 (Subjective complaints will only be accepted to the extent they "can reasonably be accepted as consistent with the objective medical evidence and other evidence in the case record"); *see also Rollins v. Massanari*, 261 F.3d 853, 857(9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Given the above, the ALJ provided clear and convincing reasons to conclude Plaintiff's subjective symptom testimony was not credible. If the ALJ's finding is supported by substantial evidence as it is here, the Court "may not engage in second-guessing." *Thomas*, 278 F.3d at 959. Notably, Plaintiff has not argued that the ALJ improperly rejected any doctors' opinions. It is Plaintiff's burden to establish disability. *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999); 20 C.F.R. § 404.1512. She has not done so here. She simply argues she is entitled to benefits because the ALJ's sole reason for finding her not credible was because of a lack of medical evidence. (Doc. 15, pgs. 7-15; Doc. 17, pgs.3-6). However, as outlined above, the ALJ relied on other factors (namely Plaintiff's failure to obtain treatment and improvement on medications) as reasons to reject her testimony. Accordingly, the ALJ's credibility determination was proper.

## X. CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence and is not based on proper legal standards. Accordingly, this Court DENIES Plaintiff's appeal against the Commissioner of Social Security. The Clerk of this Court shall enter judgment

in favor of Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security and against Plaintiff, Kelli Linn Duarte. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

    Dated: __**December 1, 2017**__            __**/s/ Gary S. Austin**__
                                                                UNITED STATES MAGISTRATE JUDGE